FILED'11 MAY 17 12:03USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID HENRY SCHAPER,

       Petitioner,

   v.

DON MILLS,

       Respondent.

Civil No. 09-1286-PA

OPINION AND ORDER

   Nell Brown
   Assistant Federal Public Defender
   101 S.W. Main Street, Suite 1700
   Portland, Oregon 97204

       Attorney for Petitioner

   John R. Kroger
   Attorney General
   Kristen E. Boyd
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state convictions for Sodomy and Sexual Abuse. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus [26] is denied.

## BACKGROUND

Petitioner pled guilty in Washington County to two counts of Sodomy in the First Degree and one count of Sexual Abuse in the First Degree for crimes committed against his three foster children, all of whom were under the age of 12. Respondent's Exhibit 103. The parties were free to argue for a sentence ranging between 100 and 275 months, and the trial court ultimately imposed sentences totaling 240 months after concluding that "this is one of the most horrific cases that I have ever had to preside over." Respondent's Exhibit 105, p. 28.

Petitioner took a direct appeal, where his appointed counsel filed a *Balfour* brief after finding no meritorious issues for appellate review,[1] and petitioner filed his own merits brief. The

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

2 - OPINION AND ORDER

Oregon Court of Appeals affirmed petitioner's conviction and sentence without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 109, 110.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 126. The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 126, 129, 130.

Petitioner filed his Amended Petition for Writ of Habeas Corpus on September 3, 2010 raising thirteen grounds for relief. Respondent asks the court to deny relief on the Amended Petition because: (1) some claims were not fairly presented to the State's highest court in a manner in which they would be considered; and (2) the claims which were fairly presented to Oregon's state courts were denied in a decision that was neither contrary to, nor an unreasonable application of, clearly established federal law.

## DISCUSSION

### I. Unargued Claims

In his supporting memorandum, petitioner elects to brief a single claim: whether trial counsel was constitutionally ineffective when he failed to object to allegedly incorrect information contained in the presentence report. Memo in Support [38]. Although he raises twelve additional grounds for relief in his Amended Petition which respondent addressed in his Response,

3 - OPINION AND ORDER

petitioner has not supported these claims with any briefing. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); see also Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## II. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

4 - OPINION AND ORDER

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

### III. Ground 1(10): Ineffective Assistance of Counsel

According to petitioner, trial counsel was constitutionally ineffective when he failed to object to and rebut inaccurate information contained in the presentence report upon which the trial court relied as a basis for imposing consecutive sentences. The Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. *Davis v. Grigas*, 443 F.3d 1155, 1158 (2006); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2004); *see also Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009) (where no Supreme Court decision squarely addresses

5 - OPINION AND ORDER

an issue, § 2254(d)(1) bars relief). Because petitioner faults counsel's performance as it relates to his sentencing, he cannot prevail on this claim.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus [26] is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 16 day of May, 2011.

_____
Owen M. Panner
United States District Judge

6 - OPINION AND ORDER